**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZOETOP BUSINESS CO. LTD., d/b/a SHEIN ) | |
| ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| v. ) | |
| ) | Hon. |
| SHUFFLE PRESENTS LLC; JASON SIZER; ZAENA ) | |
| CHERIF; LORSE SIZER ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff Zoetop Business Co. Ltd., d/b/a Shein ("Shein" or "Plaintiff"), by and through its attorneys, Greenberg Traurig, LLP, hereby files this Complaint ("Complaint") against Defendants Shuffle Presents LLC ("Shuffle"), Jason Sizer ("Mr. Sizer"), Zaena Cherif ("Ms. Cherif"), and Lorse Sizer ("Ms. Sizer") (collectively, "Defendants") and states as follows:

**NATURE OF ACTION**

1. Shein brings this action for rescission, injunctive relief, compensatory damages and punitive damages arising from Defendants' fraudulent conduct. Defendants Jason Sizer, Zaena Cherif and/or Lorse Sizer are scam artists who run a fly-by-night operation known as Shuffle Presents. Defendants promote Shuffle as a full service marketing agency to unsuspecting businesses who wish to increase exposure of their brand to college-aged consumers. Defendants pitched a marketing campaign to Shein called the "Freshman Tour" in which they would organize pop-up shops, concerts and other promotional events at college campuses to create engagement with students. Defendants represented that well-known, third-party musical acts and well-known brands would participate in the tour. After Shein was induced to enter into an agreement with

Defendants and wire Defendants substantial funds, Shein learned that the Freshman Tour is actually a concert tour headlined by Mr. Sizer and Ms. Cherif under their aliases "Zaena x Jason Maek." Under the guise of promoting Shein's brand, Defendants solicited and received substantial funds from Shein to promote Mr. Sizer's and Ms. Cherif's own fledgling musical careers. Among other things, Defendants never disclosed to Shein that (a) the Freshman Tour is actually a concert tour of Ms. Sizer's and Ms. Cherif's music; (b) contrary to Mr. Sizer's representations, Shuffle is not a legitimate marketing agency with an experienced full-time marketing team; and (c) Shuffle has been barred by schools including the University of California – Irvine. Upon discovering that it has been the victim of a swindle, Shein rescinded the agreement with Defendants and demanded the return of its funds. Defendants have claimed that all or part of the money have been spent and have refused to return the money they obtained by fraud even though they have performed no marketing services for Shein.

## THE PARTIES

2. Shein is a Chinese company, with its principal place of business in Guangzhou, China.

3. Shein is an international e-commerce company that designs, manufactures, markets and/or sells fashion apparel, accessories and other products, which are offered primarily through its well-known website www.shein.com and its mobile application, SHEIN.

4. Shuffle is an Illinois limited liability corporation with its principal place of business located at 1860 W. 93rd Street in Chicago, Illinois.

5. Shuffle touts itself as being "a full-service creative brand partnership agency that drives new business to our clients." Shuffle claims to provide marketing and advertising services that include "Brand Partnerships," "Influencer marketing," "Digital Content Creation," "Talent

Management," "Paid Media," "Special Event Management," "Instagram Management and Execution," and "Focus Groups." *See* https://shufflepresents.com/what-we-do.php.

6. Upon information and belief, Jason Sizer is a citizen of the state of Illinois, and a resident of this District.

7. Upon information and belief, Jason Sizer is employed by Shuffle with the title of Partnerships Director. At all times relevant herein, Mr. Sizer held himself out to be an agent of Shuffle. Upon information and belief, Mr. Sizer exercises control over Shuffle, including with respect to the activities alleged herein.

8. Upon information and belief, Zaena Cherif is a citizen of the state of Illinois, and a resident of this District.

9. Zaena Cherif is a Member/Manager of Shuffle Presents LLC and a co-founder of Shuffle. Upon information and belief, Ms. Cherif exercises control over Shuffle, including with respect to the activities alleged herein.

10. Upon information and belief, Lorse Sizer is a citizen of the state of Illinois, and a resident of this District.

11. Lorse Sizer is a Member/Manager of Shuffle Presents LLC. Upon information and belief, Ms. Sizer exercises control over Shuffle, including with respect to the activities alleged herein.

12. Upon information and belief, at all relevant times herein, each Defendant was acting as an agent on behalf of and for the benefit of the other Defendants.

13. Upon information and belief, Mr. Sizer, Ms. Cherif and Ms. Sizer control, dominate and operate Shuffle as a mere shell, instrumentality, and conduit through which they carry on their personal business in the corporate name of Shuffle, and there is such a unity of interest and

ownership between them and Shuffle that the individuality, or separateness, of Shuffle did not exist at all relevant times. Upon information and belief, at all relevant times, Mr. Sizer, Ms. Cherif and Ms. Sizer have caused and directed Shuffle to be undercapitalized such that it is unable to pay its obligations (including Shuffle's obligations to Shein), to disregard corporate formalities, to commit the wrongful acts alleged herein, and to apply corporate funds and assets for their personal use, including funds originally provided to Shuffle by Shein. Adherence to the fiction of the separate existence between the individual Defendants and Shuffle would, in this case, sanction fraud and promote injustice, in that if the corporate entity of Shuffle were not disregarded, the individual Defendants' abuse of the privilege of doing business in a corporate form would be rewarded by effectively insulating them from personal liability for their legal obligations and fraudulent conduct.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and § 1338(a) and (b), because the claims address federal questions under the Lanham Act, including infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and false advertising pursuant to 15 U.S.C. § 1125(a)(1). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state-law claims, which arise from the same nucleus of operative facts as the Lanham Act claims.

15. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity (i.e., the parties are citizens and residents of different states) and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

16. The Court has personal jurisdiction over Defendants as they are residents of and conduct business in Illinois.

17. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this Judicial District. Moreover, the agreement Defendants fraudulently induced Shein to enter provides for venue in this Judicial District.

## FACTUAL BACKGROUND

18. Shein is an international fashion e-commerce retailer whose customers include college-aged students and young adults.

19. Raising brand awareness and increasing engagement with its target demographic are important aspects of Shein's marketing strategy as an e-commerce retailer.

20. In or around late winter/early spring of 2019, Jason Sizer, holding himself out as the Partnerships Director of Shuffle, reached out to Shein to pitch Shuffle's advertising and marketing services. Specifically, Mr. Sizer represented that Shuffle was organizing a marketing campaign at college campuses, which would include pop-up shops, well-known brands and musical performances by well-known national and local artists, with the purpose of engaging students (for example, introducing brands to students, collecting email addresses for marketing campaigns and/or promoting the download of the brands' mobile applications (known in the marketing business as "activation")). Mr. Sizer sold the marketing campaign as the "Freshman Tour."

21. To induce Shein into retaining Shuffle, Mr. Sizer and Shuffle made numerous false oral and written representations that led Shein to believe that Shuffle was a legitimate, experienced marketing agency.

22. Mr. Sizer and Shuffle also failed to disclose and intentionally omitted material information from Shein to induce Shein into entering into an agreement with Shuffle.

23. On or about February 25, 2019, Mr. Sizer and Shuffle submitted a "2019 Freshman Tour Proposal" to Shein (the "Proposal") which promised pop-up shop events and night concerts. A true and correct copy of the Proposal is attached hereto as Exhibit 1. The Proposal promised to engage "popular musicians" and represented that Shuffle's "night concerts host a comprehensive mix of new, up-and-coming, student, and national [sic] known artists." Nowhere in the Proposal does it disclose that the performers at the night concerts would be Mr. Sizer and Ms. Cherif.

24. On March 11, 2019, Mr. Sizer and Shuffle represented in an email to Shein that the campus concerts Shuffle would organize would include "two of [Shuffle's] clients, Hiphop/r&b/pop duo Zaena x Jason Maek" and claimed that "they are quickly become two of the top micro-infleuncers [sic] in music for the college demographic." Nowhere in this email does it disclose that the Zaena x Jason Maek are actually Mr. Sizer and Ms. Cherif.

25. During the negotiation of the agreement with Shein, Mr. Sizer and Shuffle never disclosed that Zaena x Jason Maek were not actually Shuffle's clients, but were Mr. Sizer's and Ms. Cherif's aliases. It was only after the agreement was signed and funds were wired by Shein that Mr. Sizer admitted that Jason Maek is his alias. He made this admission only after Shein became suspicious and confronted him.

26. At no time while Mr. Sizer and Shuffle were soliciting business from Shein did they disclose that Mr. Sizer and Ms. Cherif would themselves be the headliners of the "Freshman Tour." Shuffle's proposed marketing campaign was named "Freshman Tour" which was represented to Shein as being a college campus promotional campaign in which top brands and popular artists would be featured. Shein subsequently learned that "Freshman" is actually the title of Mr. Sizer's and Ms. Cherif's album and/or song, which was never disclosed to Shein during negotiation of the agreement. Shuffle's selection of the name "Freshman Tour" for use in soliciting Shein's business

was intentionally misleading in that it was selected to convey the impression that the freshman class, among other students, would be captured by the marketing campaign when in fact it was referring to Mr. Sizer's and Ms. Cherif's album and/or song "Freshman."

27. Mr. Sizer and Shuffle also misrepresented Shuffle's authorization or ability to hold promotional events at certain universities across the United States when Shuffle did not in fact have access or authorization to hold such events.

28. Shuffle and Mr. Sizer intentionally made these misrepresentations of fact and omitted material information in soliciting Shein's business to induce Shein into entering into an agreement with Shuffle and wiring substantial funds to Shuffle. Defendants intentionally lied so they could solicit money from brands such as Shein to promote and fund Mr. Sizer's and Ms. Cherif's music aspirations.

29. On or about June 24, 2019, Shein and Shuffle entered into a so-called "Strategic Alliance Agreement" (the "Agreement"), which Shuffle had prepared and provided to Shein. A true and correct copy of the Agreement is attached hereto as Exhibit 2.

30. Pursuant to the Agreement, Shein wired $80,000.00 to Defendants on or about July 11, 2019.

31. Shortly after wiring funds to Defendants, Shein became suspicious when Mr. Sizer could not answer basic questions regarding marketing strategy and claimed on conference calls that his "marketing team" was not available. As it turned out, Shuffle's so-called "marketing team" is composed of two individuals who had appeared as extras on Mr. Sizer's and Ms. Cherif's music video, one of whom is a middle school teacher residing in a different state.

32. The Agreement included a list of promotional events at certain universities that Shuffle represented would be part of the marketing campaign known as the "Freshman Tour." For

example, the Agreement states that a promotional event would be held at Michigan State University. However, Shein was subsequently advised by that university that it does not permit "activation" promotional events on its campus.

33. Further, while the Agreement states that a promotional event would be held at the University of California – Irvine, Shein subsequently learned that Shuffle had previously been banned from that campus for failure to pay money owed to that school. Prior to Shein entering into the Agreement, Mr. Sizer and Shuffle did not disclose to Shein that Shuffle had been banned by the University of California – Irvine, a fact that would have materially impacted Shein's decision to do business with Mr. Sizer and Shuffle.

34. Moreover, Shuffle had represented and advertised on its website that it had conducted a similar promotional event at the University of Houston in 2018. However, Shein was subsequently told by the University of Houston that it had no record of Shuffle ever conducting any activities or booking event space at that school.

35. Upon learning of the fraud perpetrated by Defendants, on August 5, 2019, Shein notified Defendants in writing that it was rescinding the Agreement for fraud and demanded the immediate return of its funds.

36. Even though no promotional activities on Shein's behalf had commenced and the "Freshman Tour" is not scheduled to begin until the end of September 2019, Defendants' counsel advised Shein's counsel that Defendants had already spent some or all of the funds that Shein had wired to Defendants three weeks earlier. As of the date of the filing of this Complaint, Defendants have not returned Shein's funds.

37. Upon information and belief, Defendants have tried to gain access to certain college campuses to conduct promotional events by claiming that Shein, rather than Shuffle, was the entity

seeking access to those campuses. Defendants' unauthorized and misleading use of Shein's name and trademark and false representations of fact regarding Shuffle's true identity to gain access to college campuses for their events have caused confusion and have damaged Shein's reputation and ability to conduct its own marketing activities on those campuses.

38. In its August 5, 2019 letter and subsequent correspondence, Shein also demanded that Defendants confirm that they will cease and desist from using Shein's name and mark in connection with any business or marketing activity. As of the date of the filing of this Complaint, they have not provided such confirmation.

## COUNT I
## (FRAUD IN THE INDUCEMENT)
## (Against All Defendants)

39. Shein incorporates and realleges Paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Shuffle and Mr. Sizer made false statements of material fact to induce Shein to enter into the Agreement and wire substantial funds to Defendants. The false statements include: (1) that Zaena x Jason Maek were third-party "clients" of Shuffle; (2) that Shuffle would retain popular, well-known, third-party national and local artists to perform at the campus events; (3) that Shuffle is a legitimate advertising agency with an experienced "marketing team" of professionals; (4) that Shuffle had held similar events in 2018, including at the University of Houston; (5) that 2019 activation events would be held at Michigan State University and the University of California – Irvine, among other schools. These statements were false and known to be false at the time that they were made. These statements were made with the intent of inducing Shein to enter into the Agreement.

41. Upon information and belief, Defendants Cherif and Ms. Sizer knew of and

9

approved the false representations made to Shein by Mr. Sizer on behalf of Shuffle in order to benefit from the Agreement and funds provided by Shein.

42. Shein relied on the statements made by Shuffle and Mr. Sizer and were induced into signing the Agreement and paying $80,000 to Shuffle. Had Shein known the truth, it never would have entered into the Agreement.

43. Shein seeks a rescission of the Agreement and return of the funds it was fraudulently induced to pay to Defendants. Shein also seeks additional compensatory damages in an amount to be proven at trial.

44. Defendants acted willfully with, and have been guilty of, oppression, fraud, and malice, and have acted with the intention of depriving Shein of valuable property and legal rights in conscious disregard of Shein's rights and, as a consequence, Shein is entitled to an award of punitive or exemplary damages for the sake of example and by way of punishing Defendants.

**COUNT II**
**(FRAUDULENT CONCEALMENT)**
**(Against All Defendants)**

45. Shein incorporates and realleges Paragraphs 1-38 of this Complaint as if fully set forth herein.

46. Defendants intentionally omitted or concealed material facts during the course of their solicitation of Shein's business. Among other things, Mr. Sizer held himself out as the "Partnerships Director" at Shuffle and referred to Zaena x Jason Maek in the third-person as Shuffle's "clients" who would be performing at the concerts on Shuffle's "Freshman Tour." Defendants did not disclose that Zaena x Jason Maek were the performing aliases used by Mr. Sizer and Ms. Cherif. Defendants did not disclose that Mr. Sizer and Ms. Cherif would be headlining the Freshman Tour. Defendants did not disclose that they were in fact seeking funds

from Shein to promote their own concert tour. Such concealment was intended to deceive Shein into believing that Zaena x Jason Maek were independent of Shuffle and that Shuffle was a legitimate, professional marketing agency. Shuffle's and Mr. Sizer's deceptive conduct and material omissions were made intentionally to cause Shein to pay money to Shuffle to advance Mr. Sizer's and Ms. Cherif's fledgling musical careers.

47. Defendants also did not disclose that Shuffle had been banned from the University of California – Irvine. Defendants further did not disclose that Shuffle had no full-time experienced "marketing team." Such concealment was intended to deceive Shein into believing that Shuffle was a legitimate, professional organization when in fact it is a fly-by-night operation run by a group of scam artists.

48. Upon information and belief, Defendants Cherif and Ms. Sizer knew of and approved the material omissions by Mr. Sizer on behalf of Shuffle in order to benefit from the Agreement and funds provided by Shein.

49. Because Shuffle and Mr. Sizer made affirmative representations to Shein while soliciting Shein's business, Defendants had a duty to disclose the information alleged herein.

50. Had Shein known the real facts, it would not have entered into the Agreement and would not have paid any money to Defendants.

51. Shein seeks a rescission of the Agreement and return of the funds it was fraudulently induced to pay to Defendants. Shein also seeks additional compensatory damages in an amount to be proven at trial.

52. Defendants acted willfully with, and have been guilty of, oppression, fraud, and malice, and have acted with the intention of depriving Shein of valuable property and legal rights in conscious disregard of Shein's rights and, as a consequence, Shein is entitled to an award of

punitive or exemplary damages for the sake of example and by way of punishing Defendants.

## COUNT III
## (CONVERSION)
## (Against All Defendants)

53. Shein incorporates and realleges Paragraphs 1-38 of this Complaint as if fully set forth herein.

54. Upon rescinding the Agreement for fraud, Shein demanded that Defendants return the $80,000.00 it had paid to Shuffle.

55. At the time that Shein demanded that Defendants return the funds paid under the Agreement, Shuffle had not yet engaged in any promotional activities on behalf of Shein nor performed any of the services that Shuffle represented that it would perform under the Agreement. In fact, the Agreement provides that the Freshman Tour would not begin until the end of September 2019.

56. Defendants, however, have refused to return the funds paid by Shein.

57. Upon information and belief, at least some of the funds paid by Shein have been converted for personal use by Defendants.

58. The funds were fraudulently obtained by Shuffle and have been wrongfully converted by Defendants.

59. Because the Agreement was rescinded for fraud, Shein has an absolute and unconditional right to the immediate return of its funds.

60. Defendants have not returned the funds to Shein following Shein's rescission of the Agreement and have wrongfully assumed control, dominion, or ownership of such funds.

61. As a proximate result of Defendants' unlawful conduct alleged herein, Shein has been damaged in an amount to be proven at trial but not less than $80,000.

62. Shein also seeks a constructive trust to be imposed upon (a) all money paid by Shein to Defendants; (b) all assets and items of value acquired by Defendants with Shein's money; and/or (c) any and all proceeds received by Defendants in connection with the Freshman Tour.

63. Defendants acted willfully with, and have been guilty of, oppression, fraud, and malice, and have acted with the intention of depriving Shein of valuable property and legal rights in conscious disregard of Shein's rights and, as a consequence, Shein is entitled to an award of punitive or exemplary damages for the sake of example and by way of punishing Defendants.

## COUNT IV
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))
### (Against All Defendants)

64. Shein incorporates and realleges Paragraphs 1-38 of this Complaint as if fully set forth herein.

65. Shein has been using in commerce the SHEIN name, mark and logo since 2013.

66. Recognizing the inherent distinctiveness of Shein's name and logo, and Shein's exclusive rights therein, the United States Patent & Trademark Office registered on its principal register U.S. Trademark Registration No. 5,689,042 for "SHEIN" in stylized form, U.S. Trademark Registration No. 5,256,688 for "SheIn" in stylized form, and U.S. Trademark Registration No. 5,046,800 for "Sheintee" in stylized form (collectively, the "SHEIN Marks"). A true and correct copy of these valid and subsisting registrations are attached hereto as Exhibits 3-5.

67. The SHEIN Marks are inherently distinctive or otherwise have acquired distinctiveness as a result of long-time use, advertising and promotion. The SHEIN Marks have acquired substantial value and goodwill and have become associated in the minds of the consuming public with Shein.

68. Under the Agreement, which was procured by fraud, Shein granted Shuffle a limited, revocable license to use its intellectual property, including the SHEIN Marks, in connection with promotional activities. According to the Agreement, Shuffle's license to use the SHEIN Marks would terminate upon termination of the Agreement.

69. The Agreement was procured by fraud and rescinded by no later than August 5, 2019. Shuffle is not authorized to use the SHEIN Marks.

70. Upon information and belief, Defendant have used Shein's name, logo and/or marks without Shein's authorization in their communications with third-parties to promote their business, solicit new clients and sponsors and/or book event space at college campuses.

71. Defendants' unauthorized use of the SHEIN Marks is likely to cause, and has already caused, confusion among the relevant public that Defendants are affiliated with, approved by or sponsored by Shein. Defendants' conduct has caused irreparable harm to Shein in violation of the Lanham Act, 15 U.S.C. § 1114(1).

72. Defendants' trademark infringement is willful and intentional.

73. Defendants' trademark infringement has damaged Shein, and unless enjoined, will continue to irreparably damage the reputation and goodwill associated with the SHEIN Marks. Shein has no adequate remedy at law.

## COUNT V
## FALSE ADVERTISING (15 U.S.C. § 1125(a)(1))

74. Shein incorporates and realleges Paragraphs 1-52 of this Complaint as if fully set forth herein.

75. Defendants made false representations of material fact that Shuffle would engage "popular musicians" and organize concerts with "a comprehensive mix of new, up-and-coming, student, and national [sic] known artists" without disclosing the material fact that the main

performers are actually the principals and employees of Shuffle.

76. Defendants made false representations of material fact regarding the nature, characteristics, and qualities of their services by misleading Shein into believing that the artists Zaena x Jason Maek were independent of Shuffle by referring to them as Shuffle's "clients" when in fact they were Mr. Sizer and Ms. Cherif's aliases.

77. Defendants made false representations of material fact regarding the nature, characteristics, and qualities of their services by using the name "Freshman Tour" to mislead Shein into believing that the college marketing campaign they were promoting involved the "activation" of freshman college students when "Freshman Tour" is actually a concert tour promoting their album and/or song, "Freshman."

78. Defendants represented that Shuffle had a "marketing team." However, during conference calls, Mr. Sizer could not answer basic questions regarding marketing strategy and claimed that his "marketing team" was not available. Shein has since learned that the two people Mr. Sizer represented were on Shuffle's "marketing team" – Phillip Lambert and Troy Broadway – apparently have other "gigs" (for example, Mr. Lambert appears to be a middle school teacher residing in another state, https://www.linkedin.com/in/pnlambert/, and both Mr. Lambert and Mr. Broadway were extras on Mr. Sizer's and Ms. Cherif's music video, https://www.instagram.com/p/Bw7fHl5BQnv/).

79. Defendants materially misrepresented the nature, characteristics, and qualities of their services and commercial activities in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

80. Shein would not have retained Shuffle and paid it substantial funds had it known the true facts about Shuffle and its members. Shein has been damaged in an amount to be proven at trial.

## COUNT VI
### (COMMON LAW TRADEMARK INFRINGEMENT)

81. Shein incorporates and realleges Paragraphs 1-38 and 64-73 of this Complaint as if fully set forth herein.

82. Shein has common law rights in its name and brand "SHEIN." Defendants' conduct as alleged herein has violated and infringed Shein's common law rights in its "SHEIN" mark.

83. The "SHEIN" mark is inherently distinctive or otherwise has acquired distinctiveness as a result of long-time use, advertising and promotion. The "SHEIN" mark has acquired substantial value and goodwill and has become associated in the minds of the consuming public with Shein.

84. Defendants' use of the "SHEIN" mark or confusingly similar marks creates the likelihood that the relevant public, customers, and potential customers will be confused into mistakenly believing that Defendants or their services are in some manner associated with, approved by or sponsored by Shein.

85. Defendants' trademark infringement is intentional and willful.

86. Defendants' trademark infringement has damaged Shein, and unless enjoined, will continue to irreparably damage the reputation and goodwill associated with the "SHEIN" mark. Shein has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Shein respectfully requests that the Court enter judgment in its favor and grant the following relief:

a. Compensatory damages in the sum of at least $80,000.00, plus interest and costs;

b. A constructive trust imposed on (a) all money paid by Shein to Defendants; (b) all assets and items of value acquired by Defendants with Shein's money; and/or (c) any

and all proceeds received by Defendants in connection with the Freshman Tour.

c. Actual damages and/or disgorgement of Defendants' profits pursuant to 15 U.S.C. §1117, such amount to be trebled.

d. Punitive damages to be determined at trial;

e. A preliminary and permanent injunction enjoining Defendants from any use of Shein's intellectual property, including use of its name, logo, or marks in connection with Defendants' business;

f. A finding that this case is exceptional pursuant to 15 U.S.C. § 1117(a) and therefore awarding attorneys' fees;

g. An award of costs;

h. Any other relief that the Court deems just and proper.

## JURY DEMAND

Shein demands a jury trial on all issues triable by jury.

Dated: August 21, 2019         Respectfully submitted,

By: /s/ *Tiffany M. Andras*

Tiffany M. Andras (ARDC #6320221)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-1065
Facsimile: (312) 456-8435
AndrasT@GTLAW.COM

Valerie W. Ho (Lead Counsel)
(*pro hac vice* to be submitted)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
HoV@GTLAW.com

*Attorneys for Plaintiff*,
Zoetop Business Co. Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2019 a true copy of the foregoing has been filed and served electronically by this court's ECF system upon all counsel of record for all parties.

/s/ <u>*Tiffany M. Andras*</u>